UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

------------------------------------------------------------------- x
RAJ DAVÉ, :
 :
               Plaintiff, :
 : Civil Action No. 1:09cv866
   v. : GBL/IDD
 :
DARBY & DARBY, P.C., :
 :
               Defendant. :
 :
------------------------------------------------------------------- x

## ANSWER AND COUNTERCLAIM

Defendant Darby & Darby, P.C. ("Darby" or the "Defendant") by and through its undersigned counsel, as its answer, affirmative defenses, and counterclaim to the Complaint (the "Complaint") of Plaintiff Raj Davé alleges as follows:

### As to the General Allegations

1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.     Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.     Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.     Defendant denies the allegations contained in paragraph 5 of the Complaint, except admits that Darby is a law firm engaged in the practice of law in New York.

6.     Defendant admits the allegations contained in paragraph 6 of the Complaint.

2

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except admits that Davé initially paid $50,000 to Darby and later paid an additional $42,500.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint, except admits that Darby refused to return Davé's payments.

11. To the extent not specifically admitted herein, Defendant denies all of the allegations in the Complaint.

12. Defendant denies that Plaintiff is entitled to any of the relief averred in the WHEREFORE clause after paragraph 10 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Venue in the Eastern District of Virginia is neither convenient for the parties and witnesses nor in the interests of justice.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages are barred due to set-off, accord and satisfaction, or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Defendants were excused from performance due to Plaintiff's breaches of his fiduciary duty and his duty of loyalty.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of estoppel.

## DARBY'S COUNTERCLAIM AGAINST MR. DAVÉ

1. Darby asserts a counterclaim against Mr. Davé based on Mr. Davé's breaches of fiduciary duty and duty of loyalty to Darby. At all relevant times, Mr. Davé was Managing Principal of Darby's Washington, DC office. On information and belief, with knowledge that Darby was about to make over a $300,000 investment in a new lease for commercial office space to support Mr. Davé's practice, Mr. Davé knowingly and intentionally concealed from Darby his intention to leave Darby to work at another law firm. As a result of Mr. Davé's breach of duty, Darby was left with a substantial lease commitment and no Principal to run its Washington office.

2. Counterclaimant Darby is a professional corporation incorporated in and having its principal place of business in the State of New York.

3. Counterclaim Defendant Mr. Davé alleges that he is a citizen of the State of Maryland.

4. Plaintiff was a principal of Darby, and as such, owed Darby a fiduciary duty and duty of loyalty.

5. As early as September 4, 2008, Darby's management reached out to Mr. Davé in order to get his thoughts on leasing new office space for the D.C. office of Darby. Mr. Davé expressed an interest in pursuing the space and provided management with his input as to what his needs would be for the space.

6. From that point forward until the new lease to rent office space at 1501 M Street N.W., Washington, DC was signed on or about December 18, 2008 (the "Lease"), Mr. Davé was an active participant in the decision to sign a new lease for office space in Washington D.C. Mr. Davé visited the proposed site and was consulted about plans to build out the space.

7. On information and belief, at the time these discussions were proceeding, Mr. Davé was making plans to leave Darby. Among other things, Mr. Davé had discussions with members of the law firm Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury") about leaving Darby to join Pillsbury.

8. Significantly, Mr. Davé did not notify Darby's management at any time prior to when Darby signed the Lease on December 18, 2008 that Mr. Davé intended to leave Darby.

9. Moreover, Mr. Davé concealed from Darby's management the steps that he had been taking to explore working at another law firm.

10. On information and belief, Mr. Davé also knew prior to disclosure of his intended departure that Darby had made plans to order and install Internet and telephone cables to help prepare Darby's new office space at 1501 M Street for use by the law firm.

11. Mr. Davé should have known and did know that his departure would be a material event affecting Darby's decision to lease and make improvements in the new space in D.C. since he was the Managing Principal and only Principal or Stockholder of Darby based in Darby's Washington, D.C. office.

12. Moreover, upon information and belief, while Mr. Davé was secretly planning to leave Darby, he urged Darby to hire a scientific advisor to support his practice in the Washington D.C. office. Hiring the advisor entailed not only the advisor's compensation, but also expenses for relocating the expert from Massachusetts to Washington, D.C., plus out of pocket expenses

for the transfer of the advisor's H1B Visa to Darby.

13. Darby hired the advisor on January 5, 2009, and paid over $11,000 for the costs of hiring. Mr. Davé knew or should have known that Darby would not have hired the scientific advisor had Mr. Davé disclosed his plan to depart Darby.

14. On the morning of January 16, 2009, Mr. Davé abruptly and with no advanced warning notified Darby by e-mail that he was leaving the firm.

15. As Mr. Davé knew, without Mr. Davé in the firm, Darby did not need a Washington, DC office – that there was no need to enter into the Lease or to make improvements in the space to provide for Internet and telephone cabling.

16. In the depressed real estate economy, Darby has been unable to find a subtenant despite its efforts.

17. As a result of Mr. Davé's surprise departure, Darby has and will continue to incur damages in an amount to be proved at trial, but no less than $381,000.

## FIRST COUNTERCLAIM
### (Breach of Fiduciary Duty)

18. Defendant-Counterclaimant repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

19. At all relevant times, Mr. Davé was a principal of Darby – a position of trust and confidence within the firm.

20. As a principal, Mr. Davé owed Darby fiduciary duties, including, *inter alia*, a duty of loyalty, a duty of care, and a duty of candor.

21. Mr. Davé knew that his continued involvement as Managing Principal of Darby's

Washington, D.C. office was a material fact impacting Darby's decision to enter into the Lease.

22. Mr. Davé participated in discussions surrounding the lease of the new office space in Washington, D.C., and knew that Darby intended to sign a lease agreement.

23. In breach of his fiduciary duty to Darby, including his duties of loyalty and candor, Mr. Davé failed to disclose to and concealed from Darby's management his plan to leave Darby.

24. As a proximate result of Mr. Davé's breaches of his fiduciary duties – his failure to inform Darby of his intended departure – Darby entered into the Lease on our about December 18, 2008, causing Darby damage.

25. In particular, as a result of Mr. Davé's departure shortly after Darby's execution of the Lease, Mr. Davé left Darby with a three year commitment to pay rent for an office in Washington D.C. that Darby did not need. Pursuant to the terms of the Lease, Darby must pay approximately $10,000 per month in rent for 36 months plus additional amounts for common area maintenance and other charges.

26. In addition, Darby incurred in excess of $10,000 for information technology infrastructure work at the new office before Mr. Davé disclosed his intention to leave Darby.

27. Furthermore, while Mr. Davé was secretly planning to depart Darby, Mr. Davé urged Darby to hire -- and on January 5, 2009 Darby did in fact hire -- a scientific advisor to support Mr. Davé's practice in Washington D.C. Darby incurred over $11,000 in costs related hiring the scientific advisor. Mr. Davé knew or should have known that Darby would not have hired the scientific advisor had Mr. Davé disclosed his plan to depart Darby.

28. As a consequence of Davé's breaches, Darby has been damaged in an amount to be determined at trial, but no less than $381,000.

WHEREFORE, Darby prays that

(i)  the Complaint be dismissed in its entirety;

(ii) judgment be entered against Mr. Davé on the Counterclaim in an amount to be determined at trial, but no less than $381,000;

(iii) Darby be awarded costs and pre-judgment and post-judgment interest; and

(iv) Darby be granted such other and further relief as the Court deems just and proper.

/s/ Benjamin G. Chew
Benjamin G. Chew, Esquire
Virginia bar number 29113
*Of Counsel for Defendant Darby & Darby, P.C.*
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6482
bchew@pattonboggs.com

*Of Counsel*

Paul D. Sarkozi (*pro hac vice* application forthcoming)
TANNENBAUM HELPERN
  SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
E-mail: sarkozi@thslaw.com

*Counsel for Defendant Darby & Darby, P.C.*

Dated: September 14, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Answer and Counterclaim was served electronically upon Plaintiff's counsel through the Court's ECF system.

/s/ Benjamin G. Chew
Benjamin G. Chew, Esq.

[864521-8]